By the Court,

Savage, Ch. J.
The warrant issued irregularly. There is no evidence showing where the plaintiff Foot resided. The statute, 2 R. S. 228, § 17 authorizes a warrant, where the plaintiff" is a non-resident, and tenders to the justice security for the payment of any sum which maybe adjudged against him in the suit. The 19th section requires that an affidavit shall be made, stating the facts and circumstances, showing the grounds of the application whereby the justice may the better judge of the necessity and propriety of issuing the warrant. The affidavit, in this case, may be perfectly true, and yet not enough is shown to authorize the issuing of a warrant. Linnell and Foot were partners ; the affidavit states that Linnell had a debt against Sutherland, and that he is a non-resident of the county of Monroe. The affidavit is true, supposing the debt to be a partnership debt. The assignment, if important, should have been shown. In a justices’ court, a summons is the regular process, and a warrant is *not allowed by the revised statutes as the first process, only in four cases : 1. When the defendant is a non-resident; 2. When the plaintiff is a non-resident, and gives security ; 3. When the defendant is about to depart, and not to return ; 4. When the plaintiff is in danger of losing his debt, unless a warrant issues. It is also allowed by the act of 1831, where the defendant has fraudulently disposed of his property, to defraud his creditors, or is about to do so. The reason of issuing a warrant in all these cases is to favor plaintiffs in facilitating the collection of their demands. When issued in favor of a non-resident plaintiff, the only reason for the statute is, that the plaintiff’s attendance is necessary, and as he is supposed to be absent from home, the law will not require him to wait six days ; and as his person and property are supposed to be without the reach of the process of the court, he is required to give security. This consideration operates whenever the real plaintiff is non-resident, although the nominal plaintiff is a resident. The objection to giving the statute this liberal construction is, that it may be abused by making collusive assignments to non-residents, and thus harrassing defendants unnecessarily. To this, however, it may be answered that the fact of such collusive assignment being shown, the plaintiff must fail. Whether the resident plaintiff would be liable for costs after assignment, is not material; probably without notice to the defendant of his want of interest and agency in the prosecution, he would be thus liable ; and there is no doubt of the liability of the assignee. But if the statute gives the warrant, as I have supposed, for the accommodation of the non-resident plaintiff, then the inquiry must be, whether the party in interest is non-resident; and according to this view of the statute, it should have been shown in the affidavit that Linnell was the sole owner of the demand.
As to the second point, arising upon the return of the justice, the evidence given was competent; whether it was sufficient, is not a question for us, upon a writ of error.
Judgment of common pleas affirmed, with single costs.